Ira M. Schwartz (State Bar No. 010448)
Michael A. Cordier (State Bar No. 014378)
DECONCINI MCDONALD YETWIN & LACY, P.C.
7310 North 16th Street, Suite 330
Phoenix, AZ  85020
Telephone:  (602) 282-0500
Facsimile:  (602) 282-0520
ischwartz@dmylphx.com
mcordier@dmylphx.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Atlantic Recording Corporation, et al., | Case No.: 2:06-cv-02076-PHX-NVW |
| Plaintiffs, | |
| vs. | **PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT** |
| Pamela And Jeffrey Howell, | |
| Defendants. | |

Plaintiffs respectfully submit their Motion for Summary Judgment ("Motion") on their claim of copyright infringement against the Defendants.  This Motion is supported by the attached Memorandum of Points and Authorities, Plaintiffs' Statement of Facts In Support Motion for Summary Judgment, and related exhibits and deposition testimony of Defendant Jeffrey Howell.

For the reasons set forth in their Memorandum of Points and Authorities, Plaintiffs respectfully request that the Court grant summary judgment in their favor and against Defendants on Plaintiffs' claims for copyright infringement regarding Plaintiffs' Sound Recordings, listed on Exhibit 1 to Plaintiffs' Statement of Facts.  Plaintiffs respectfully request that the Court award Plaintiffs minimum statutory damages in the amount of $40,500.00, injunctive relief as prayed for in the Complaint, costs in the amount of $350.00, a finding that Defendant Jeffrey

Howell willfully infringed Plaintiffs' copyrights, and such further relief as the Court deems just and proper.

Respectfully submitted this 5th day of July 2007.

DECONCINI MCDONALD YETWIN & LACY, P.C.

By: *s/ Ira M. Schwartz*
Ira M. Schwartz
Michael A. Cordier
7310 North 16th Street, Suite 330
Phoenix, AZ  85020
Telephone:  (602) 282-0500
Facsimile:  (602) 282-0520
ischwartz@dmylphx.com
Attorneys for Plaintiffs

# MEMORANDUM AND POINTS OF AUTHORITIES

## INTRODUCTION

This action seeks redress for the infringement of Plaintiffs' copyrighted sound recordings pursuant to the Copyright Act, 17 U.S.C. §§ 101, 106, 501-505. Plaintiffs are the copyright owners or licensees of exclusive rights under United States copyright with respect to certain copyrighted recordings, including specifically the eleven (11) copyrighted sound recordings identified in Exhibit A to the Complaint and forty-three (43) of the copyrighted sound recordings identified in Plaintiffs' Schedule 1 (together, the "Sound Recordings").  A complete list of the fifty-four (54) Sound Recordings that are the subject of this Motion is attached as Exhibit 1 to Plaintiffs' Statement of Facts ("SOF"). Defendant, without the permission or consent of Plaintiffs, has used an online media distribution system illegally to distribute Plaintiffs' Sound Recordings to millions of other Internet users.  Plaintiffs seek an award of statutory damages under 17 U.S.C. § 504(c) for each infringement of their Sound Recordings, injunctive relief under 17 U.S.C. § 502, and costs under 17 U.S.C. § 505.

As explained more fully below, Exhibit B to Plaintiffs' Complaint is a copy of the "shared" folder on Defendant's computer that contained more than 2,300 digital music files placed on the computer by Defendant and distributed over the Internet through the KaZaA online media distribution system. Defendant admitted during his deposition that he downloaded the KaZaA online media distribution system to his computer, that he created the "jeepkiller@KaZaA" user name, and that Plaintiffs' copyrighted Sound Recordings were being distributed from his computer's KaZaA shared folder to other users of the KaZaA file-sharing network on January 30, 2006, the time Plaintiffs' investigators detected Defendant's infringement. Defendant has admitted all of the material facts necessary to establish the elements of a claim for copyright infringement, and no material facts are in dispute. Accordingly, Plaintiffs are entitled to judgment as a matter of law.

Although Defendant was distributing all of the sound recordings listed on Exhibit B to the Complaint, and thus responsible for potentially hundreds of infringements, Plaintiffs request only an Order finding that Defendant has infringed the fifty-four (54) Sound Recordings listed in Exhibit 1 to Plaintiffs' SOF (all of which are also found on Exhibit B to the Complaint), awarding Plaintiffs minimum statutory damages of $750 per infringed work for a total of $40,500.00, enjoining Defendant from further infringing Plaintiffs' copyrights, and awarding Plaintiffs their costs of this suit.

## **BACKGROUND**

Plaintiffs are recording companies that own or control exclusive rights to copyrights in sound recordings. Since the early 1990s, Plaintiffs and other copyright holders have faced a massive and exponentially expanding problem of digital piracy over the Internet. Today, copyright infringers use various online media distribution systems to download (reproduce) and unlawfully disseminate (distribute) to others billions of perfect digital copies of Plaintiffs' copyrighted

3

sound recordings each month. As a direct result of piracy over the P2P networks, Plaintiffs have sustained and continue to sustain devastating financial losses.

Defendant was found distributing the digital music files found on Exhibit B to the Complaint on January 30, 2006.[1] Specifically, on January 30, 2006, Plaintiffs' investigator, MediaSentry, detected an individual who was engaged in the distribution of Plaintiffs' copyrighted sound recordings at Internet Protocol ("IP") address 68.110.64.47, which the relevant Internet Service Provider, Cox Communications, Inc., subsequently identified in response to a federal court subpoena as being registered to Defendant's wife, Pamela Howell. The names of each of the 2329 sound recordings that were being distributed from Defendant's computer are listed in Exhibit B to the Complaint. Plaintiffs are proceeding in this lawsuit only on 54 of the sound recordings listed in Exhibit A to the Complaint and Schedule 1, both of which are subsets of Exhibit B to the Complaint. Plaintiffs are, and at all relevant times have been, the copyright owners or licensees of exclusive rights under United States copyright of each of the 54 Sound Recordings listed on Exhibit 1 to Plaintiffs' SOF.[2]

---

[1] Exhibit B to the Complaint is a copy of the shared folder on Defendant's computer that contained 2329 music files that Defendant was distributing to millions of users on a peer-to-peer network at the time Plaintiffs' investigator caught him doing so.

[2] In addition to the Sound Recordings listed on Exhibit 1 to Plaintiffs' SOF, Plaintiffs' copyrighted recordings also include certain of the other sound recordings listed on Exhibit B to the Complaint which are owned by or exclusively licensed to one or more of the Plaintiffs or Plaintiffs' affiliate record labels, and which are subject to valid Certificates of Copyright Registration issued by the Register of Copyrights.

On August 16, 2006, Plaintiffs filed the instant action for damages and injunctive relief against Defendant Jeffery Howell.[3] In the course of discovery, Plaintiffs took the deposition of Defendant. As explained in greater detail below, during his deposition, Defendant admitted the facts necessary to establish that he had violated Plaintiffs' copyrights with respect to numerous of Plaintiffs' copyrighted sound recordings, including the specific Sound Recordings at issue in this Motion. In his deposition, Defendant specifically admitted that as of the date of the Complaint filed in this action, the Sound Recordings were being distributed from his computer via the KaZaA online media distribution that Defendant had downloaded to his computer.

## ARGUMENT

**A. Summary Judgment Is Appropriate Because There Is No Issue Of Material Fact Concerning Defendant's Liability For Copyright Infringement.**

In order to prevail in this action, Plaintiffs must show: (1) ownership of valid copyrights; and (2) that Defendant violated one or more of their exclusive rights under the Copyright Act. *See Ellison v. Robertson*, 357 F.3d 1072, 1076 (9th Cir. 2004); *see also Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991) ("To establish infringement, two elements must be proven: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original."). "Reduced to most fundamental terms, there are only two elements necessary to the plaintiff's case in an infringement action: ownership of the copyright by the plaintiff and copying [or public distribution or public display]

---

[3] Plaintiffs included Defendant's spouse, Pamela Howell, as a Defendant due to Arizona state laws regarding community property.

On August 16, 2006, Plaintiffs filed the instant action for damages and injunctive relief against Defendant Jeffery Howell.[3] In the course of discovery, Plaintiffs took the deposition of Defendant. As explained in greater detail below, during his deposition, Defendant admitted the facts necessary to establish that he had violated Plaintiffs' copyrights with respect to numerous of Plaintiffs' copyrighted sound recordings, including the specific Sound Recordings at issue in this Motion. In his deposition, Defendant specifically admitted that as of the date of the Complaint filed in this action, the Sound Recordings were being distributed from his computer via the KaZaA online media distribution that Defendant had downloaded to his computer.

## ARGUMENT

**A. Summary Judgment Is Appropriate Because There Is No Issue Of Material Fact Concerning Defendant's Liability For Copyright Infringement.**

In order to prevail in this action, Plaintiffs must show: (1) ownership of valid copyrights; and (2) that Defendant violated one or more of their exclusive rights under the Copyright Act. *See Ellison v. Robertson*, 357 F.3d 1072, 1076 (9th Cir. 2004); *see also Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991) ("To establish infringement, two elements must be proven: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original."). "Reduced to most fundamental terms, there are only two elements necessary to the plaintiff's case in an infringement action: ownership of the copyright by the plaintiff and copying [or public distribution or public display]

---

[3] Plaintiffs included Defendant's spouse, Pamela Howell, as a Defendant due to Arizona state laws regarding community property.

by the defendant." 4 M. & D. Nimmer, NIMMER ON COPYRIGHT § 13.01, at 13-5 & n.4 (2002) ("NIMMER").

Copyright infringement is a strict liability offense. Plaintiffs need not demonstrate Defendant's intent to infringe, or even knowledge of infringement, in order to prove copyright infringement. *See UMG Recordings, Inc. v. Disco Azteca Distr., Inc.,* 464 F. Supp. 2d. 1164, 1172 (E.D. Cal. 2006); *see also, Chavez v. Arte Publico Press*, 204 F.3d 601, 607 (5th Cir. 2000) ("Copyright infringement actions, like those for patent infringement, ordinarily require not showing of intent to infringe."); *Lipton v. Nature Co.*, 71 F.3d 464, 471 (2d Cir. 1995) (intent to infringe is not required under the Copyright Act); *Pinkham v. Sara Lee Corp.*, 983 F.2d 824, 829 (8th Cir. 1992) ("The defendant's intent is simply not relevant [to show liability for copyright infringement]: The defendant is liable even for 'innocent' or 'accidental' infringements."); *Fitzgerald Publ'g Co., Inc. v. Baylor Publ'g Co.*, 807 F.2d 1110, 1113 (2d Cir. 1986); 4 NIMMER § 13.08, at 13-279 ("In actions for statutory copyright infringement, the innocent intent of the defendant will not constitute a defense to a finding of liability.").

    **1.**    **Plaintiffs Own The Copyrights To The Sound Recordings At Issue.**

Plaintiffs seek summary judgment for Defendant's infringement of the 54 Sound Recordings listed on Exhibit 1 to Plaintiffs' SOF. Plaintiffs own valid copyrights in each of the 54 registered Sound Recordings listed on Exhibit 1 to Plaintiffs' SOF. (*See* SOF ¶¶ 1, 2.) Plaintiffs' copyright registration for each of the 54 Sound Recordings was effective prior to the date Defendant was caught distributing them to other Internet users. (*See* SOF ¶ 3.) Defendant admitted during his deposition that he has no facts to dispute that Plaintiffs are the owners or licensees of valid copyrights to these Sound Recordings. (*See* SOF ¶ 2.) Consequently, Plaintiffs' ownership of the copyrights for the Sound Recordings at

6

issue is not in dispute.  Thus, the first element necessary for Plaintiffs to prevail on their copyright infringement claim is established for purposes of this Motion.  *See, e.g., Feist Publ'ns, Inc.,* 499 U.S. at 361 ("To establish copyright infringement, two elements must be proven: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original.").

### 2.     Defendant Violated Plaintiffs' Copyrights By Distributing Plaintiffs' Sound Recordings Without Authorization.

The Copyright Act enumerates the exclusive rights granted to the owner of a copyright.  "Engaging in or authorizing any of these categories without the copyright owner's permission violates the exclusive right of the copyright owner and constitutes infringement of the copyright."  *Playboy Enters., Inc. v. Frena*, 839 F. Supp. 1552, 1555-56 (M.D. Fla. 1993) (citing 17 U.S.C. § 501(a)).

Under the Copyright Act a copyright owner has "exclusive rights ***to do and to authorize*** any of the following:  (1) ***to reproduce*** the copyrighted work in copies or phonorecords; . . . ; (3) ***to distribute*** copies or phonorecords of the copyrighted work to the public . . . ."  17 U.S.C. § 106(1), (3) (emphasis added).  "Anyone who violates any of the exclusive rights of the copyright owner as provided by section[] 106 . . . is an infringer of the copyright."  17 U.S.C. 501(a).

In this case, Defendant has admitted to having infringed Plaintiffs' Sound Recordings by distributing them without Plaintiffs' permission to do so.[4]  Defendant admitted that he downloaded the KaZaA file sharing software to his computer and that he created the "jeepkiller@KaZaA" username.  (*See* SOF ¶ 4.)  On January 30, 2006, Defendant was distributing all of the sound recordings listed on Exhibit B to the Complaint (Exhibit 10 to Plaintiffs' SOF) over the Internet

---

[4]  Defendant did not have Plaintiffs' authorization to copy, download or distribute any of Plaintiffs' Sound Recordings.  (*See* SOF ¶ 8.)

7

under the username "jeepkiller@KaZaA" to other KaZaA users. (*See* SOF ¶¶ 4, 6.) Defendant admits that all of the sound recordings in Exhibit B to the Complaint were in the KaZaA shared folder that he created on his computer and were being distributed to other KaZaA users from his computer. (*See* SOF ¶¶ 4-9.) Specifically, Defendant admitted in his deposition that Plaintiffs' Sound Recordings were being distributed over the Internet via the KaZaA online media distribution system that he had downloaded:

> **Q**: So each of the songs that you acknowledge were on your computer in Schedule 1, Exhibit A, all of which research [sic] – represent subsets of what's in the thicker packet –
> **A**: Yes.
> **Q**: -- that was Exhibit B to the complaint and Exhibit 3 to the deposition, are things that you acknowledge that on the date of capture, January 30th, 2006, were seen by plaintiffs as being shared by your Kazaa account?
> **A**: Yes.

(*See* Howell Dep. at 209:16 to 210:1, attached as Ex. 9 to Plaintiffs' SOF.)

As a matter of law, these actions constitute an unlawful distribution of Plaintiffs' Sound Recordings. *See* 17 U.S.C. § 106(3); *see also A&M Records Inc. v. Napster, Inc.,* 239 F.3d 1004, 1014 (9th Cir. 2001) (holding that "Napster users who upload file names to the search index for others to copy violate plaintiffs' distribution rights."); *BMG Music v. Gonzalez*, 430 F.3d 888, 889 (7th Cir. 2005) ("[P]eople who post or download music files are primary infringers."); *Hotaling v. Church of Jesus Christ of Latter-Day Saints*, 118 F.3d 199, 203 (4th Cir. 1997) (holding that making unauthorized copies of works available for distribution to others violates the copyright holder's distribution right under 17 U.S.C. § 106(3)); *see also Motown Record Co. v. DePietro*, No. 04-CV-2246, slip op. at 7 and n.38 (E.D. Pa. February 16, 2007) (attached hereto as Exhibit A); Letter from Marybeth Peters to Rep. Howard L. Berman, dated Sept. 25, 2002, reprinted in *Piracy of Intellectual Property on Peer-to-Peer Networks, Hearing Before the Subcomm. on*

8

1. *Courts, the Internet, and Intellectual Property of the House Comm. on the Judiciary 107th Cong.* 114-15 (2002) ("[M]aking [a work] available for other users of a peer to peer network to download . . . constitutes an infringement of the exclusive distribution right, as well of the reproduction right.") (attached hereto as Exhibit B); *United States v. Shaffer*, 472 F.3d 1219, 1223 (10th Cir. 2007) (finding "little difficulty in concluding that [the defendant] distributed child pornography" that was in his computer's Kazaa shared folder); 2 NIMMER § 8.08[A][1], at 8-115 ("[The] input of a work into a computer results in the making of a copy, and hence . . . such unauthorized input infringes the copyright owner's reproduction right.").

Thus, as Defendant has admitted to distributing Plaintiffs' copyrighted Sound Recordings at issue in this Motion, and thereby has admitted to violating Plaintiffs' exclusive rights to distribution of the Sound Recordings under 17 U.S.C. § 106(3), Plaintiffs have established the second element necessary to prevail on a copyright infringement claim. *See Feist Publ'ns, Inc.,* 499 U.S. at 361 (listing violation of one or more exclusive rights under the Copyright Act as second element of infringement claim); *Ellison*, 357 F.3d at 1076 (same). Accordingly, summary judgment against Defendant is appropriate and should be entered here.

**B.     Plaintiffs Are Entitled To Statutory Damages Resulting From Defendant's Repeated And Pervasive Copyright Infringement.**

Plaintiffs have proven that they own the copyrights in question and that Defendant infringed those copyrights. Because Plaintiffs have established the elements of their claim for copyright infringement against Defendant, they are entitled to an award of minimum statutory damages. The Copyright Act provides that once copyright infringement has been established:

9

> [T]he copyright owner may elect, at any time before final judgment is rendered, to recover, instead of actual damages and profits, an award of statutory damages for all infringements involved in the action, with respect to any one work, for which any one infringer is liable individually, or for which any two or more infringers are liable jointly and severally.

17 U.S.C. § 504(c)(1); s*ee also Fitzgerald Publ'g Co. v. Baylor Publ'g Co.,* 807 F.2d 1110, 1114 (2nd Cir. 1986) (noting that upon proof of infringement, a copyright "owner may elect to recover – instead of actual damages and profits – statutory damages under § 504(c)(1) for those works whose copyrights were registered at the time the infringement occurred").

Plaintiffs are electing minimum statutory damages in this case. Accordingly, Plaintiffs need not prove any actual damages in order to be entitled to an award of statutory damages, as Plaintiffs may elect statutory damages "whether or not adequate evidence exists as to the actual damages incurred by plaintiffs or the profits gained by defendants." *Columbia Pictures Indus. v. Krypton Broad. of Birmingham, Inc.*, 259 F.3d 1186, 1194 (9th Cir. 2001) ("A plaintiff may elect statutory damages 'regardless of the adequacy of the evidence offered as to his actual damages and the amount of defendant's profits'."); *see also Cable/Home Commc'n Corp. v. Network Prods., Inc.*, 902 F.2d 829, 850 (11th Cir. 1990) (citing NIMMER § 14.04[A],14-44-45).

The appropriate statutory damages for non-willful infringement range from a minimum of $750 per work to a maximum of $30,000 per work. *See* 17 U.S.C. § 504(c)(1). When, as in the present case, Plaintiffs elect statutory damages, they may not receive less than the minimum statutory damages amount specified in the Copyright Act for each infringed work. The Court is "constrained . . . by the specified maxima and minima" set forth in the Copyright Act. *Krypton Broad. of*

10

*Birmingham*, 259 F.3d at 1194 (internal quotation marks and citation omitted); *Gonzalez*, 430 F.3d at 893.

To facilitate a final disposition of this case on the instant Motion, Plaintiffs seek only the minimum amount of statutory damages prescribed by the Copyright Act—an award of $750 for each of the fifty-four Sound Recordings at issue (Exhibit 1 to Plaintiffs' SOF), for a total of $40,500.00.  Courts routinely award statutory damages in this type of copyright cases, as they must, when granting a motion for summary judgment.  *See, e.g.*, *Gonzalez*, 430 F.3d at 893; *Veeck v. S. Bldg. Code Cong. Int'l Inc.*, 241 F.3d 398, 410 (5th Cir. 2001) (awarding minimum statutory damages on summary judgment); *Columbia Pictures Indus., Inc. v. T & F Enters., Inc.*, 68 F. Supp. 2d 833, 840 (E.D. Mich. 1999) (awarding statutory damages on summary judgment where plaintiff established infringement and sought only statutory minimum).

In addition, hundreds of courts throughout the country, including this Court, have granted Plaintiffs' motions for minimum statutory damages in default cases.  *See, e.g., Elektra Entm't Group, Inc. v. Harris*, No. CV 06-00791-PHX-EHC (D. Ariz. Dec. 28, 2006) (attached hereto as Ex. C); *Fonovisa, Inc. v. Ashe*, No. CV 06-2243-PHX-JAT (D. Ariz. April 6, 2007) (attached hereto as Ex. D); *Maverick Recording Co. v. Youngkin*, No. 2:07-cv-00383-PHX-JWS (D. Ariz. May 15, 2007) (attached hereto as Ex. E).

**C.    This Court Should Permanently Enjoin Defendant From Future Infringement.**

Plaintiffs are also entitled to a permanent injunction against Defendant. The Copyright Act provides:

> Any court having jurisdiction of a civil action arising under this title may . . . grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright.

11

17 U.S.C. § 502(a)*; see also Pac. & S. Co. v. Duncan*, 744 F.2d 1490, 1499 n.17 (11th Cir. 1984) (Copyright Act authorizes an injunction "on such terms as it may deem reasonable to prevent or restrain infringement of a copyright"). "Injunctions are routinely issued pursuant to the mandate of Section 502 because the public interest is the interest in upholding copyright protections." *Autoskill Inc. v. Nat'l Educ. Support Sys., Inc.*, 994 F.2d 1476, 1499 (10th Cir. 1993); *see also Taylor Corp. v. Four Seasons Greetings, LLC*, 403 F.3d 958, 968 (8th Cir. 2005) ("[I]t is virtually axiomatic that the public interest can only be served by upholding copyright protections, and correspondingly, preventing the misappropriation of the skills, creative energies, and resources which are invested in the protected work").

In this case, the entry of an injunction is "necessary to preserve the integrity of the copyright laws which seek to encourage individual efforts and creativity by granting valuable enforceable rights." *Atari Inc. v. N. Am. Philips Consumer Elec. Corp.*, 672 F.2d 607, 620 (7th Cir. 1982) (preliminary injunction); *Morley Music Co. v. Café Cont'l, Inc.*, 777 F. Supp. 1579, 1583 (S.D. Fla. 1991) ("A Plaintiff is entitled to a permanent injunction in a copyright action when liability has been established and where there is a threat of continuing violations."). As copyright holders, Plaintiffs are entitled to avoid the irreparable damage that will occur if Defendant (and others like him) continues to infringe upon Plaintiffs' copyrights.

Irreparable harm is presumed in copyright infringement actions. *See Elvis Presley Enters. v. Passport Video,* 357 F.3d 896, (9th Cir. 2003); *see also Atari*, 672 F.2d at 620. Once irreparable injury is presumed, injunctive relief is appropriate because damages alone are not an adequate remedy. *See, e.g.*, *Universal City Studios v. Reimerdes*, 111 F. Supp. 2d 294, 343-344 (S.D.N.Y. 2000) ("[D]ifficulties [in calculating damages in copyright cases] have led to the presumption that copyright and trademark infringement cause irreparable injury, i.e. injury for which damages are not an adequate remedy."). Thus, as in *Napster*,

an injunction in this case "is not only warranted but required." *See Napster*, 239 F.3d at 1027. Indeed, such injunctions are "regularly issued" because of the strong public interest in copyright protections. *Arista Records, Inc. v. Beker Enters., Inc.,* 298 F. Supp. 2d 1310, 1314 (S.D. Fla. 2003). Additionally, pursuant to the equitable powers provided under 17 U.S.C. § 503(b) (2000), this Court has the power to order the destruction of all infringing copies in Defendant's possession as part of a final order or decree. *See Rogers v. Koons*, 960 F.2d 301, 313 (2d Cir. 1992).

The ease, scope, and history of Defendant's infringement warrant the requested injunction. Absent an injunction, there is nothing to stop Defendant from continuing to distribute Plaintiffs' copyrighted sound recordings through an online media distribution system. Injunctive relief, therefore, is required to prevent further irreparable harm. Accordingly, Plaintiffs seek entry of an injunction, as requested in the Complaint. (*See* Compl. at 5-6.) Furthermore, just as courts throughout the country have awarded minimum statutory damages when ordering default judgment for Plaintiffs, they have also adopted Plaintiffs' language regarding injunctive relief. *See, e.g.*, *Harris*, No. CV 06-00791-PHX-EHC (D. Ariz. Dec. 28, 2006) (attached hereto as Ex. C); *Ashe*, No. CV 06-2243-PHX-JAT (D. Ariz. April 6, 2007) (attached hereto as Ex. D); *Youngkin*, No. 2:07-cv-00383-PHX-JWS (D. Ariz. May 15, 2007) (attached hereto as Ex. E).

Broad injunctions such as this are regularly entered in copyright infringement cases. *See Gonzalez*, 430 F.3d at 893 (affirming lower court's injunction preventing the defendant from further infringement of Plaintiffs' copyrighted sound recordings); *Sony Music Entm't, Inc. v. Global Arts Prod.*, 45 F. Supp. 2d 1345, 1347-48 (S.D. Fla. 1999) (enjoining defendants from infringing any of the copyrighted works owned by Plaintiff, including, but not limited to, those listed in the complaint); *Canopy Music, Inc. v. Harbor Cities*

*Broad., Inc.*, 950 F. Supp. 913, 916 (E.D. Wis. 1997); *Picker Int'l Corp. v. Imaging Equip. Serv., Inc.*, 931 F. Supp. 18, 44 (D. Mass. 1995); *Jobette Music Co., Inc. v. Hampton*, 864 F. Supp. 7, 9 (S.D. Miss. 1994).

For the same reasons, and because Plaintiffs continually create new works—works that would be vulnerable to infringement and require litigation if the injunction were limited to existing works—the requested injunction follows standard practice in copyright cases by covering works to be created in the future. *See Princeton Univ. Press v. Mich. Document Servs., Inc.,* 99 F.3d 1381, 1392 (6th Cir. 1996) ("The weight of authority supports the extension of injunctive relief to future works."); *Olan Mills, Inc. v. Linn Photo Co.,* 23 F.3d 1345, 1349 (8th Cir. 1994). The injunction would not, of course, prohibit Defendant from utilizing the Internet for any legitimate, noninfringing purposes.

**D.     Plaintiffs Are Entitled To Costs Of Suit.**

Section 505 of the Copyright Act expressly authorizes recovery of "full costs," because an award of costs would "(1) deter future copyright infringement; (2) ensure that all holders of copyrights which have been infringed will have equal access to the court to protect their works; and (3) penalize the losing party and compensate the prevailing party." *A&N Music Corp. v. Venezia,* 733 F. Supp. 955, 959 (E.D. Penn. 1990); *see also Cross Keys Publ'g Co., Inc. v. Wee, Inc.,* 921 F. Supp. 479, 482 (W.D. Mich. 1995). Plaintiffs seek, as costs of this suit, their $350.00 filing fee.

**CONCLUSION**

For the reasons stated above, Plaintiffs respectfully request entry of an order (1) granting summary judgment in favor of Plaintiffs based on Defendant's infringement of Plaintiffs' Sound Recordings, (2) minimum statutory damages of $750 for each of the fifty-four Sound Recordings at issue for a total amount of $40,500.00, (3) an injunction as prayed for in Plaintiffs' Complaint preventing

14

1 Defendant from further copyright infringement, and (4) an award of costs in the
2 amount of $350.00.  Plaintiffs further request such other relief as the Court deems
3 just and necessary.

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on July 5th, 2007, a copy of the foregoing document was served upon the Defendant via United States Mail at the following address:

>   Pamela And Jeffrey Howell
>   4192 N. 81st Street
>   Scottsdale, Az 85251-2672
>   *Defendants*

*s/ Ira M. Schwartz*